UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GUY ANDERSON,

                Petitioner,

v.

SUPERINTENDENT, Green Haven Correctional Facility,

                Respondent.[1]

9:19-CV-1123
(BKS)

---

APPEARANCES:

GUY ANDERSON
Petitioner pro se
13-A-3588
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

BRENDA K. SANNES
United States District Judge

OF COUNSEL:

## DECISION and ORDER

Petitioner Guy Anderson seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On September 12, 2019, the Court administratively closed the action. Dkt. No. 2, Order dated 09/12/19. On October 4, 2019, petitioner provided a properly certified application to proceed in forma pauperis ("IFP"). Dkt. No. 4. The case was reopened. Dkt. No. 5. On September 18, 2019, petitioner also filed a motion to stay his

---

[1] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Petitioner updated the first page of his petition within his motion to stay, clarifying that the proper individual respondent was "Mark Royce, Superintendent of Green Haven Correctional Facility". Dkt. No. 3-2 at 1. The Clerk is respectfully directed to update the docket sheet accordingly.

petition. Dkt. No. 3.

Petitioner challenges a 2013 judgment of conviction rendered in Albany County, upon a jury verdict, of second degree conspiracy, four counts of first degree criminal sale of a controlled substance, three counts of second degree criminal sale of a controlled substance, two counts of third degree criminal sale of a controlled substance, two counts of first degree attempted criminal possession of a controlled substance, third degree attempted criminal possession of a controlled substance, third degree criminal possession of a controlled substance, and operating as a major trafficker. Pet. at 1-2; *see also People v. Anderson*, 149 A.D.3d 1407, 1407 (3rd Dep't 2017).[2] The New York State Supreme Court, Appellate Division, Third Department, modified the conviction "as a matter of discretion in the interest of justice, by resentencing [petitioner] . . . to an aggregate prison term of 55 years to life, and, as so modified, affirmed" the conviction on direct appeal. *Anderson*, 149 A.D.3d at 1417. On September 22, 2017, the New York State Court of Appeals denied leave to appeal. *People v. Anderson*, 30 N.Y.3d 947 (2017).

On November 6, 2018, petitioner also filed a writ of error coram nobis claiming his appellate counsel was ineffective. Pet. at 3. On January 10, 2019, the Third Department denied the writ, petitioner appealed, and, on March 27, 2019, the Court of Appeals denied leave to appeal. *Id.* at 3-4; *see also People v. Anderson*, 33 N.Y.3d 945 (2019).

On May 2, 2019, petitioner filed a second writ of error coram nobis claiming his right to a fair trial was violated by the actions of the prosecutor and trial court. Pet. at 4. On June 20, 2019, the Third Department denied the writ, petitioner appealed, and, on August 29,

---

[2] Citations to the petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

2019, the Court of Appeals denied leave to appeal. *Id.* at 4-5; *see also People v. Anderson*, 2019 WL 4318708 (2019). Petitioner signed and submitted his present habeas corpus petition on September 3, 2019. Pet. at 15; Dkt. No. 3 at 2. He received the Court of Appeals' decision denying leave to appeal his second error coram nobis application on September 5, 2019. Dkt. No. 3 at 2.

In his petition, petitioner contends that he is entitled to federal habeas relief because (1) his Due Process rights were violated because "the Sealing Order of February 3, 2012, [wa]s defective [as] it was issued by a city court judge who lacked jurisdiction and authority to sign [it];" consequently, "[a]ny evidence that derived from that sealing order should have been suppressed" (Pet. at 25); (2) petitioner's trial counsel was ineffective for (a) failing to investigate which justices were available to issue the sealing orders signed on November 14, 2011, and November 28, 2011; (b) failing to investigate the circumstances surrounding the issuance of the defective February 3, 2012 sealing order; and (c) failing to object, or join co-counsel's challenge, to the defective sealing order (*Id.* at 26-29); and (3) there was prosecutorial misconduct during the course of the trial when (a) the People failed to correct knowingly false testimony during the suppression hearing and (b) the People failed to correct the false and misleading testimony of its star witness during the trial (*Id.* at 30-31). For a more complete statement of petitioner's claims, reference is made to the petition and supporting exhibits.

Petitioner seeks a motion to stay, "request[ing] that [his] Habeas Corpus petition be held in abeyance pending the completion, filing, and resolution of [his] CPL § 440.10 post-conviction motion." Dkt. No. 3 at 1. Specifically, petitioner explains that he submitted his present petition while awaiting the Court of Appeals' decision on his error coram nobis

application: "[Petitioner] . . . fear[ed] that, if [he] received an adverse decision on [his] error coram nobis application [he] would only have six (6) days remaining to submit [his] habeas petition, possibl[y] facing a[n] AEDPA statute of limitations bar." *Id.* at 2. Petitioner contends that his claims are not meritless; however, only his first claim was able to be exhausted through his direct appeal because his other two involve issues both on and off the record. *Id.* at 2-3. Accordingly, petitioner requires a stay to file his motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10 ("440 motion"), a draft of which he provided as an attachment to his motion. *Id.* at 4-14. Further, petitioner notes that additional time is required so that he can be assigned a new law clerk to assist him in reading the record associated with the present petition, conducting his legal research, and completing and filing petitioner's 440 motion. *Id.* at 3.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. A stay may become "the only appropriate course [of action] in cases . . . where an outright dismissal could jeopardize the timeliness of collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001); *see also Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part and in judgment) ("[T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies

4

[especially] . . . when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of the AEDPA's 1-year limitations period."); *Evans v. Senkowski,* 228 F. Supp. 2d 254, 261 (E.D.N.Y. 2002) ("In sum, [the Second Circuit] holds that a mixed petition, filed on the eve of the running of the AEDPA statute of limitations, should be stayed rather than dismissed.").

Under the circumstances presented in this case, the Court finds that a stay is warranted. For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). In this case, petitioner's conviction became final on December 21, 2017, ninety days after the New York Court of Appeals denied leave to appeal. Petitioner had until December 21, 2018 to file a timely habeas petition. Petitioner's original petition was signed September 3, 2019.[3] While it appears the petition is untimely, it was statutorily tolled during the time period of petitioner's writs for error coram nobis (from November 6, 2018 through March 27, 2019 and again from May 2, 2019 through August 29, 2019). Accordingly, at the time the petition was filed, petitioner had approximately one week left in the statute of limitations. However, dismissal of the petition without prejudice at this point would result in any future petition being subject to dismissal as time-barred.

Moreover, the Court cannot say, based on the current submissions, that petitioner's

---

[3] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

claims are plainly meritless or that he engaged in any dilatory tactics. *Rhines*, 544 U.S at 278.

Therefore, petitioner's motion to stay his petition is granted. However, federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017) (same); *Zarvela*, 254 F.3d at 381 (addressing "the concern about excessive delays in seeking exhaustion and . . . returning to federal court . . . by allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion.").

Mindful of the aforementioned concerns, the Court will grant petitioner a stay at this point. However, petitioner **must** file proof with this Court that he has commenced his 440 action within the **next thirty (30) days**. Petitioner's request to further extend this time to accommodate assignment of a new law clerk is denied. Petitioner attached a draft of his 440 motion with his motion to stay; it is practically complete. The portions which require further development are limited and completion of such can be accomplished within the next few weeks.

Moreover, petitioner must advise the Court in writing **every thirty (30) days** of the status of the pending state court proceeding, including the date upon which any decision is reached. **Within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application has reached a decision, petitioner must notify the Court in writing of the decision. Petitioner is cautioned that if he fails to comply with the terms of this Decision and Order, the stay shall be immediately lifted and the file returned to the Court for

further proceedings.

**WHEREFORE**, it is

**ORDERED**, that petitioner's motion to stay his petition (Dkt. No. 3) is **GRANTED**; and it is

**ORDERED**, that petitioner must advise the Court in writing and attach proof of commencement of a 440 action, asserting the three unexhausted claims in his amended petition, **within thirty (30) days of the date of this Decision and Order**; and it is further

**ORDERED**, that, from the date of petitioner's submission of proof of filing his 440 motion, petitioner must advise the Court in writing **every thirty (30) days**, on the status of the pending state court application, including the date upon which any decision is reached; and it is

**ORDERED**, that **within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application reaches a decision, petitioner must notify the Court of that decision; and it is

**ORDERED**, that if petitioner fails to comply with the terms of this Decision and Order, the stay will be immediately lifted and the file returned to the Court for further proceedings; and it is

**ORDERED**, that no response to the petition will be required until petitioner completes exhaustion of his unexhausted claim and the stay is lifted, or until the stay is lifted pursuant to the preceding ordering paragraph; and it is

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in

accordance with the Court's Local Rules of Practice.

Dated: October 16, 2019

*Brenda K Sannes*
Brenda K. Sannes
U.S. District Judge